IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANCOURT WOODELL, | : | |
| Petitioner, | : | 3:14-cv-1764 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| MIKE WENEROWICZ, | : | |
| PA STATE ATTORNEY | : | |
| GENERAL, | : | |
| Respondents. | : | |

# **MEMORANDUM**

**June 26, 2017**

On September 11, 2014, Petitioner Rancourt Woodell ("Woodell") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Court of Common Pleas of Luzerne County, Pennsylvania conviction for first degree murder. (Docs. 1, 2). On May 16, 2017, an Order issued directing the Respondent to submit a memorandum concerning the timeliness of the petition and file the complete state court record. (Doc. 23). Respondent submitted a response and filed the state court record on May 26, 2017. (Doc. 24). Petitioner sought, and was granted, an extension of time to file a reply. (Docs. 25, 26). Petitioner filed his reply on June 22, 2017. (Doc. 29).

The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

## I. Background

On April 25, 2002, a jury convicted Woodell of murder in the first degree. (Doc. 1). On June 4, 2002, the trial court sentenced him to life imprisonment plus restitution. (Doc. 24-2, p. 100). Post sentence motions were denied on June 3, 2003, and, on June 5, 2003, he filed a timely direct appeal in the Superior Court of Pennsylvania. (Doc. 24-3, pp. 7-18). The Superior Court affirmed the Judgment of Sentence on May 28, 2004. (*Id.* at 20-39). Woodell filed a petition for allowance of appeal in the Supreme Court of Pennsylvania; the Supreme Court denied the petition on May 17, 2005. (*Id.* at 40). He sought review in the Supreme Court of the United States *via* a petition for writ of certiorari. The United States Supreme Court denied review on May 1, 2006. (Doc. 24, p. 2).

Woodell then filed a Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46, on November 14, 2006. (*Id.*) Years later, on May 27, 2010, after numerous amendments and supplements, and following a hearing, the PCRA Court denied relief. (Doc. 24-3, pp. 41-104; Doc. 24-4, pp. 1-104; Doc. 24-5, pp. 1-69). Woodell pursued a timely appeal and, on August 18, 2011, the Superior Court affirmed the PCRA court's order denying relief. (Doc. 24-5, pp. 89-93). He pursued relief in the Supreme Court. On July 18, 2012, the Supreme Court denied his petition for allowance of appeal. (*Id.* at 94).

On May 2, 2013, Woodell filed, in this Court, his first federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Woodell v. Wenerowicz*, M.D.Pa. Civil No. 3:13-cv-1192, Doc. 1. Woodell indicated on his Notice of Election form, issued pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), his desire to withdraw the petition and file one all-inclusive petition. *Id.* at Doc. 10. An Order issued on September 24, 2013, deeming the petition withdrawn and closing the case. *Id.* at Doc. 13.

Woodell filed the instant petition on September 11, 2014. (Doc. 1).

## II.   Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on June 4, 2002. His direct appeal proceedings concluded on May 1, 2006, when the United States Supreme Court denied his petition for writ of certiorari. The one-year statute of limitations period commenced running as of that date and expired one year later. Hence, the present petition, filed on September 11, 2014, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28

U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Woodell successfully tolled the statute of limitations on November 14, 2006, when he filed a timely PCRA. At that point, approximately 196 days of the one year limitations period had elapsed. The statute remained tolled until the conclusion of his PCRA proceedings on July 18, 2012. Petitioner was required to file his petition in federal court within 169 days of the conclusion of the PCRA proceedings. He failed to accomplish this in that he did not file his petition until September 11, 2014, approximately 785 days after his PCRA proceedings concluded. Significantly, even if, out of an abundance of caution, the Court utilizes the filing date of Woodell's first federal petition, *Woodell v. Wenerowicz*, M.D.Pa. Civil No. 3:13-cv-1192, May 2, 2013, the petition is still untimely as 288 days had elapsed between the conclusion of the PCRA proceedings and the filing of that petition.

Woodell's petition is clearly untimely.

**B.    Equitable Tolling**

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d

185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly,

6

even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Woodell failed to exercise reasonable diligence throughout the limitations period. He allowed approximately 196 days of the one year limitations period to elapse before filing his PCRA petition. After his PCRA proceedings concluded, he allowed an additional 288 days to elapse prior to filing his first federal petition on May 2, 2013. Moreover, after the first petition was dismissed on September 24, 2013, yet another 352 days elapsed before Woodell filed the current petition.

In an effort to explain his failure to timely pursue habeas relief, Woodell first asserts that he was compromised medically in that he was experiencing at least two seizures a week. (Doc. 29, p. 1). In support, he attaches six pages of medical records that span the time period from October 20, 2011, through February 10, 2016. (*Id.* at 3-18). Two entries are relevant to our review. The first record is a Program Review Committee ("PRC") review sheet dated October 20, 2011, that simply states "[d]iscussed health concerns. I/M says he would like to be in better health before going to his Phase 1 institution." (*Id.* at 13). The second record is

7

also a PRC review sheet that documents that during a December 21, 2011, PRC review, Woodell reported that he had a history of seizures and would request additional testing. (*Id.* at 14). Neither entry demonstrates that Woodell's alleged medical condition impacted on his ability to exercise reasonable diligence during the relevant time period.

Woodell next contends that the protracted PCRA proceedings "should shock the conscience of any sitting justice or magistrate designated to review this matter in a federal appeal." (*Id.* at 3). This argument is unavailing in this context because during the entirety of the PCRA proceedings, the statute of limitations was tolled.

Finally, he argues that "after the [Pennsylvania] Supreme Court's decision of July 18, 2012, he had (90 days) from that date before the statute of limitations begins to file a habeas corpus." (*Id.* at 4). Woodell is mistaken. Unlike a direct appeal, on collateral review, the ninety days that a petitioner is granted to file a petition for writ of certiorari in the United States Supreme Court does not toll the one year statute of limitation under 28 U.S.C. § 2244(d)(2). *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

In addition to his failure to demonstrate the exercise of reasonable diligence in bringing his federal petition, Woodell fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court in that there is no indication that he was actively misled, that he was in some

8

extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum or that he was misled by the court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

9

of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will enter.